FILED
U.S. DISTRICT COURT

2006 JUL 24 PM 2: 21

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | CASE NO. CR505-019 |
| v. | ) | |
| | ) | |
| GARY LYNN AUSTIN | ) | |

## ORDER

Defendant Gary Lynn Austin ("Austin") filed a Motion to Suppress all evidence obtained as a result of the search of his vehicle and any incriminating statements he may have made to law enforcement officers. After conducting an evidentiary hearing on the Motion, Magistrate Judge James E. Graham issued a Report wherein he recommended that Austin's Motion be denied. Austin filed Objections to the Magistrate Judge's Report and Recommendation.

In his Objections, Austin asserts that there was sufficient time before the stop of his vehicle to obtain a search warrant. Even if officers had sufficient time in which to obtain a search warrant, this assertion overlooks the fact that Austin consented to the search of his vehicle, as noted by the Magistrate Judge. Austin also asserts that "there [is] evidence [that his] consent to search was not voluntary." However, Austin does not indicate what this evidence may be, nor is the Court able to ascertain what this evidence is.

Austin contends that the Magistrate Judge overlooked the testimony of Special Agent Tinsley, who Austin contends convinced him that the Government would seek drug

AO 72A
(Rev. 8/82)

treatment instead of prison if Austin told him where the pills originated. When defense counsel asked Special Agent Tinsley if he told Austin that he would *recommend* drug treatment if Austin provided him with information, Tinsley stated that he would. (Doc. No. 29, p. 29.) However, Tinsley also stated that he did not tell Austin he would not have to worry about prison because "[t]hat's entirely left up to the judge." (Id.) In addition, when asked on redirect examination whether he made Austin "any promises regarding charges, or the outcome of this case, or the possibility of prison time", Tinsley stated he did not. (Doc. No. 29, p. 30.) There is no evidence before the Court that Tinsley made any promise to Austin that he would receive treatment for his drug problems *instead* of a prison term.

Austin also contends that the Government did not prove that his confession was voluntarily given. The only credible evidence before the Court is that Austin agreed to speak with Special Agents Tinsley and Lopez after he was read his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and he waived those rights. The credible evidence reveals that the officers' interview of Austin ended when he indicated that he wished to speak to an attorney.

Finally, Austin contends that the informant in this case was the stepfather of a reliable informant, not the informant herself. Austin asserts that Detective Scott Harper could not have established the reliability of the informant in this case. Austin raises this contention for the first time in his Objections to the Magistrate Judge's Report and Recommendation, and the Court will not address this contention.

Austin's Objections are without merit. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. The pseudoephedrine pills seized as a result of the search of Austin's vehicle are admissible

2

AO 72A
(Rev. 8/82)

during the trial of this case. Likewise, any statements Austin provided to officers prior to invoking his Miranda rights are admissible during the trial of this case.

SO ORDERED, this 24th day of July, 2006.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3